# CV11-001006

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAR 02 2011 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

TRUSTEES OF THE PLUMBERS LOCAL UNION
NO. 1 WELFARE FUND, ADDITIONAL SECURITY
BENEFIT FUND, VACATION & HOLIDAY FUND,
TRADE EDUCATION FUND AND 401(K)
SAVINGS PLAN, TRUSTEES OF THE PLUMBERS
AND PIPEFITTERS NATIONAL PENSION FUND,
TRUSTEES OF THE INTERNATIONAL TRAINING
FUND, and GEORGE W. REILLY, as Business
Manager of LOCAL UNION NO. 1 OF THE UNITED
ASSOCIATION OF JOURNEYMEN AND
APPRENTICES OF THE PLUMBING AND
PIPEFITTING INDUSTRY OF THE UNITED
STATES AND CANADA,

Plaintiffs,

-against-

SHANA ENTERPRISES LIMITED PARTNERSHIP
and SEMYON PIVOVAROV,

Defendants.

---

11 cv _____

**COMPLAINT**

# SUMMONS ISSUED

MAUSKOPF, J.

J. ORENSTEIN, M.J.

---

Plaintiffs, by and through their attorneys, Virginia & Ambinder, LLP, as and for

their Complaint, respectfully allege as follows:

## PRELIMINARY STATEMENT

1.     This is an action to set aside fraudulent conveyances for the purpose of

enforcing a consent judgment rendered by this Court in a lawsuit under sections 502(a)(3)

and 515 of the Employee Retirement Income Security Act, as amended ("ERISA"), 29

U.S.C. §§ 1132(a)(3) and 1145, and section 301 of the Labor Management Relations Act

of 1947 ("LMRA"), 29 U.S.C. § 185.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1367. In the underlying action styled *Trustees of the Plumbers Local Union No. 1 Welfare Fund, et al. v. W.F. Industrial, Inc., et al.*, 05 cv 2966 (SLT) (SMG) (the "Underlying Action"), this Court had jurisdiction under 28 U.S.C. §§ 1331 and 1367 and 29 U.S.C. §§ 185 and 1132(e)(1).  On May 24, 2007, the Underlying Action was resolved by Consent Judgment and Stipulation of Dismissal (the "Consent Judgment"), pursuant to which this Court expressly retained jurisdiction to enforce the Consent Judgment.

3.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b). In the Underlying Action, venue was proper pursuant to 29 U.S.C. §§ 185 and 1132(e)(2).

## THE PARTIES

4.     Plaintiffs Trustees of the Plumbers Local Union No. 1 Welfare Fund, Additional Security Benefit Fund, Vacation & Holiday Fund, Trade Education Fund, and 401(k) Savings Plan (collectively, the "Local 1 Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with section 302(c) of the LMRA, 29 U.S.C. § 186(c)(5).  The Local 1 Funds are employee benefit plans within the meaning of section 3(3) of ERISA, 29 U.S.C. § 1002(3).  The Local 1 Funds maintain their principal place of business at 158-29 George Meany Boulevard, Howard Beach, New York 11414.

5.     Plaintiffs Trustees of the Plumbers and Pipefitters National Pension Fund (the "PPNPF") are employer and employee trustees of a multiemployer labor-management trust fund organized and operated in accordance with section 302(c) of the LMRA, 29 U.S.C. § 186(c)(5).  The PPNPF is an employee benefit plan within the

meaning of section 3(3) of ERISA, 29 U.S.C. § 1002(3).  The PPNPF maintains its principal place of business at 103 Oronoco Street, Alexandria, Virginia 22314.

6.      Plaintiffs Trustees of the International Training Fund (the "ITF") are employer and employee trustees of a multiemployer labor-management trust fund organized and operated in accordance with section 302(c) of the LMRA, 29 U.S.C. § 186(c)(5).  The ITF is an employee benefit plan within the meaning of section 3(3) of ERISA, 29 U.S.C. § 1002(3).  The ITF maintains its principal place of business at 103 Oronoco Street, Alexandria, Virginia 22314.

7.      Plaintiff George W. Reilly is Business Manager of Local Union No. 1 of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada (the "Union"), and brings this action solely in that capacity.  The Union is an unincorporated association and maintains its principal place of business at 158-29 George Meany Boulevard, Howard Beach, New York 11414.

8.      Defendant Shana Enterprises Limited Partnership is a limited partnership organized under the laws of the State of Delaware, with its principal place of business located at 501 Silverside Road, Suite 870 F, Wilmington, Delaware 19809.

9.      Defendant Semyon Pivovarov ("Pivovarov") is an individual who resides at 1909 Avenue W, Brooklyn, New York 11229.  Pivovarov was a defendant in the Underlying Action and is a partner in Shana Enterprises Limited Partnership.

## THE UNDERLYING ACTION

10.      On June 21, 2005, Plaintiffs commenced the Underlying Action by filing a complaint in this Court seeking to hold Pivovarov and other parties jointly and severally liable for unpaid contributions to employee benefit plans, union dues, and related charges

in accordance with collective bargaining agreements in connection with work performed in and after January 2002.

11.    On May 24, 2007, in accordance with an agreement among all parties to the Underlying Action, this Court issued a Consent Judgment in favor of Plaintiffs against Pivovarov and the other defendants in the Underlying Action, jointly and severally, for $2,877,654.24.

12.    The Consent Judgment has not been satisfied.

13.    Under paragraph 3 of the Consent Judgment, this Court retained jurisdiction to enforce the terms of the Consent Judgment.

## PIVOVAROV'S CONVEYANCE OF HIS ASSETS

14.    Shana Enterprises Limited Partnership was formed while the Underlying Action was pending in this Court.

15.    At all relevant times, Pivovarov and/or members of his family, directly or indirectly, owned all or substantially all of the interests in Shana Enterprises Limited Partnership.

16.    After June 21, 2005, Pivovarov conveyed assets to Shana Enterprises Limited Partnership without fair consideration (the "Conveyances").

## PLAINTIFFS' EFFORTS TO OBTAIN
## DETAILS OF THE CONVEYANCES

17.    Discovery is necessary to ascertain the details of the Conveyances, including their precise dates and the value of the assets that Pivovarov conveyed to Shana Enterprises Limited Partnership.    Plaintiffs, as judgment creditors in the Underlying Action, attempted to obtain this information from Pivovarov, as judgment debtor.    As

outlined below, Pivovarov repeatedly failed to comply with Plaintiffs' reasonable requests for this information.

18.     On August 20, 2009, Plaintiffs conducted a post-judgment asset-discovery deposition of Pivovarov in connection with their efforts to enforce the Consent Judgment in the Underlying Action.  During that deposition, Pivovarov testified that he and his family had interests in a trust named "Shana Enterprises" that he claimed to have created more than five years earlier.  Pivovarov testified that the alleged trust had various real estate investments.

19.     During and after that deposition, Plaintiffs asked Pivovarov to produce certain tax returns and other documents and information.  Several months later, in December 2009, Pivovarov finally produced those materials.  They revealed that the alleged "trust" was actually a partnership called Shana Enterprises Limited Partnership. Its general partner was a corporation called Shana Enterprises, Inc.  That corporation had a 1% interest in the partnership.  The limited partners were David Pivovarov (38.72%), Jonathan Pivovarov (38.72%), and the Shana Tenancy by the Entirety Trust (21.56%). On information and belief, David Pivovarov and Jonathan Pivovarov are the sons or other close relatives of Defendant Semyon Pivovarov.  The grantors of the Shana Tenancy by the Entirety Trust were Semyon Pivovarov and his wife.

20.     Notwithstanding Pivovarov's testimony in August 2009 that the "trust" was created "more than five years ago" (which would have been before August 2004), Shana Enterprises Limited Partnership's 2008 tax return showed that the "date business started" was December 31, 2005.  Furthermore, public records revealed that on August 4, 2004, Pivovarov and his wife sold property at 1614-1616 West 2nd Street, Brooklyn,

New York, for $980,000.00. On information and belief, a substantial portion of the proceeds of that sale were later transferred, either directly or indirectly, to Shana Enterprises Limited Partnership.

21.     By letter dated February 11, 2010, Plaintiffs requested that Pivovarov produce the following additional documents:  (a) all records concerning the formation of Shana Enterprises Limited Partnership, Shana Enterprises, Inc., and the Shana Tenancy by the Entirety Trust; (b) all records concerning direct or indirect capital contributions to Shana Enterprises Limited Partnership, Shana Enterprises, Inc., and the Shana Tenancy by the Entirety Trust; (c) all records concerning direct or indirect ownership interests in Shana Enterprises Limited Partnership, Shana Enterprises, Inc., and the Shana Tenancy by the Entirety Trust; (d) a detailed accounting of the current assets (at fair market value) and liabilities of Shana Enterprises Limited Partnership, Shana Enterprises, Inc., and the Shana Tenancy by the Entirety Trust; and (e) a detailed accounting of the disposition of the proceeds of the sale of the West 2nd Street property, including an accounting of all subsequent transfers of those proceeds.

22.     Despite repeated reminders, Pivovarov failed to produce any of those materials.

23.     By letter dated September 21, 2010, Plaintiffs informed Pivovarov that his failure to produce those materials suggested that all reasonable inferences should be drawn against him.  Plaintiffs informed Pivovarov of their strong suspicion that he transferred personal assets to Shana Enterprises Limited Partnership while the Underlying Action was pending.  Plaintiffs allowed Pivovarov several additional months to attempt to

refute that suspicion by producing the requested documents, along with any other documents or information that he considered relevant.

24.    Pivovarov still produced no documents or information.

## FIRST CLAIM FOR RELIEF

25.    Plaintiffs repeat the allegations set forth in paragraphs 1 through 24 above and incorporate them herein by reference.

26.    Under section 273-a of the New York Debtor & Creditor Law, or other applicable law, the Conveyances are fraudulent as to Plaintiffs without regard to Defendants' intent.

27.    Under section 278 of the New York Debtor & Creditor Law, or other applicable law, Plaintiffs are entitled to recover the conveyed property, or the value thereof, from Shana Enterprises Limited Partnership, to be credited toward Pivovarov's obligations under the Consent Judgment.

## SECOND CLAIM FOR RELIEF

28.    Plaintiffs repeat the allegations set forth in paragraphs 1 through 27 above and incorporate them herein by reference.

29.    Immediately following each of the Conveyances, Pivovarov was insolvent, as defined in section 271(1) of the New York Debtor & Creditor Law, or other applicable law, because the fair salable value of Pivovarov's assets was less than the amount that would be required to pay his probable liability on his existing debts as they became absolute and matured.

30.     Under section 273 of the New York Debtor & Creditor Law, or other applicable law, the Conveyances are fraudulent as to Plaintiffs without regard to Defendants' intent.

31.     Under section 278 of the New York Debtor & Creditor Law, or other applicable law, Plaintiffs are entitled to recover the conveyed property, or the value thereof, from Shana Enterprises Limited Partnership, to be credited toward Pivovarov's obligations under the Consent Judgment.

## THIRD CLAIM FOR RELIEF

32.     Plaintiffs repeat the allegations set forth in paragraphs 1 through 31 above and incorporate them herein by reference.

33.     Under section 276 of the New York Debtor & Creditor Law, or other applicable law, the Conveyances are fraudulent as to Plaintiffs because Pivovarov made the Conveyances with actual intent to hinder, delay, or defraud Plaintiffs by making it more difficult for them to reach the conveyed property in satisfaction of the debts at issue in the Underlying Action and/or the Consent Judgment ultimately rendered in the Underlying Action.

34.     Under section 278 of the New York Debtor & Creditor Law, or other applicable law, Plaintiffs are entitled to recover the conveyed property, or the value thereof, from Shana Enterprises Limited Partnership, to be credited toward Pivovarov's obligations under the Consent Judgment.

## FOURTH CLAIM FOR RELIEF

35.     Plaintiffs repeat the allegations set forth in paragraphs 1 through 34 above and incorporate them herein by reference.

36.     Under section 276-a of the New York Debtor & Creditor Law, or other applicable law, Defendants are liable to Plaintiffs for the reasonable attorneys' fees incurred by Plaintiffs in prosecuting this action.

**WHEREFORE**, Plaintiffs respectfully request that this Court:

(1)     Set aside the Conveyances;

(2)     Determine that Plaintiffs are entitled to execute on any and all property that was the subject of the Conveyances, to be credited toward Pivovarov's obligations under the Consent Judgment;

(3)     Award Plaintiffs judgment against Shana Enterprises Limited Partnership for the value of the Conveyances, to be credited toward Pivovarov's obligations under the Consent Judgment;

(4)     Award Plaintiffs judgment against Pivovarov and Shana Enterprises Limited Partnership, jointly and severally, for the reasonable attorneys' fees incurred by Plaintiffs in prosecuting this action; and

(5)     Award Plaintiffs such further legal, equitable, or other relief as this Court deems just and proper.

Dated:  New York, New York
         March 1, 2011

Respectfully submitted,

**VIRGINIA & AMBINDER, LLP**

By: _Marc Tenenbaum_

Charles R. Virginia
Marc A. Tenenbaum
111 Broadway, Suite 1403
New York, New York 10006
(212) 943-9080
*Attorneys for Plaintiffs*